IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10179
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MAX HASTINGS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-164-3-D
--------------------
June 7, 2001
Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Max Hastings requests leave to proceed *in forma pauperis*
(IFP) in the appeal of the 79-month sentence imposed by the
district court following his guilty plea to a charge of
distribution of 15 grams of methamphetamine.  Hastings contends
that the district court did not ascertain whether he understood
the right to appeal his sentence and the consequences of his
waiver of that right.  Hastings asserts that he did not know that
his sentence might be enhanced based on a codefendant's
possession of firearms, and he challenges a two-level enhancement

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

applied to his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1).

The Government moves to dismiss Hastings' appeal asserting that Hastings knowingly and voluntarily waived the right to appeal his sentence and that Hastings' challenge to the U.S.S.G. § 2D1.1(b)(1) increase is barred by the waiver.

We will uphold a waiver of the statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992).

Hastings waived the right to appeal any sentence that was imposed under the Sentencing Guidelines if the sentence was within or below the Guideline range as determined by the district court. Hastings agreed that the district court, in its discretion, would determine the Sentencing Guideline range that was applicable in his case.

The district court ascertained at the Fed. R. Crim. P. 11 hearing that Hastings understood that in paragraph five of the plea agreement, he had waived the right to appeal his sentence except in very limited circumstances. Hastings waived the reading of the plea agreement at rearraignment and affirmed that he understood and agreed to the plea agreement's terms.

The district court determined that Hastings' Sentencing Guideline range was 70 to 87 months' imprisonment and sentenced Hastings within that Guideline range. Hastings executed a

knowing and voluntary waiver of the right to appeal his sentence. *See Robinson*, 187 F.3d at 517.

Hastings' appeal is without arguable merit and is thus frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. 5th Cir. R. 42.2. Hastings' motion for leave to appeal IFP is denied. *See Howard*, 707 F.2d at 219-20. The Government's motion to dismiss the appeal is granted.

APPEAL DISMISSED AS FRIVOLOUS; IFP MOTION DENIED; MOTION TO DISMISS GRANTED.